IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

**COLUMBIA INSURANCE COMPANY and HELZBERG'S DIAMOND SHOPS, INC.**
    Plaintiffs,

v.

**MANTRA BAND, LLC**

    Defendant.

Case No. 4:18-cv-666

## COMPLAINT FOR TRADEMARK INFRINGEMENT UNFAIR COMPETITION, AND DILUTION

Plaintiffs Columbia Insurance Company and Helzberg's Diamond Shops, Inc. ("collectively Helzberg") for their Complaint against Defendant Mantra Band, LLC allege as follows:

## PARTIES

1. Plaintiff Helzberg's Diamond Shops, Inc. ("HDS") is a corporation organized under the laws of Missouri with its principal place of business at 1825 Swift Avenue, North Kansas City, Missouri 64116.

2. Plaintiff Columbia Insurance Company ("Columbia") is a corporation organized under the laws of Nebraska with its principal place of business at 1314 Douglas Street, Suite 1400, Omaha, Nebraska 68102-1944. HDS and Columbia are collectively referred to hereinafter as "Helzberg".

3. Defendant Mantra Band, LLC ("Mantra Band") is limited liability company organized under the laws of California with its principal place of business at 14 Monarch Bay Plaza, #395, Dana Point, California 92629.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., unfair competition under Missouri common law, and dilution under Missouri law, Mo.Rev.Stat. §417.061(1).

5. This Court has original subject matter jurisdiction over the Lanham Act causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

6. The Court has supplemental jurisdiction over the Missouri common law causes of action pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Manta Band, at least because Mantra Band, upon information and belief, transacts business within the Western District of Missouri, without limitation, by selling the infringing jewelry products at issue in this Complaint to consumers located within the Western District of Missouri, that subjects it to the laws of this District. Upon information and belief, Mantra Band also owns and operates a website that advertises Mantra Band's infringing jewelry products at issue to residents of Missouri and throughout this District. Thus, upon information and belief, Mantra Band is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Missouri long-arm statute.

## HISTORY OF HELZBERG AND ITS FAMOUS I AM LOVED® MARK

8. Morris Helzberg opened the first Helzberg Diamonds® retail jewelry store in Kansas City, Kansas in 1915.

9. Since 1915, HDS, including through related companies and predecessors-in-interest, has owned and operated Helzberg Diamonds® retail jewelry stores throughout the United States. Today, there are more than two hundred (200) Helzberg Diamonds® retail jewelry stores in approximately thirty-six (36) states.

10. HDS also sells its HELZBERG®-branded jewelry online through its website at www.helzberg.com.

11. Since at least as early as 1967, HDS, including through related companies and predecessors-in-interest, has adopted, used and owned the I AM LOVED® trademark in connection with retail jewelry store services and various jewelry and other products (the "I AM LOVED® Mark").

12. The idea for the I AM LOVED® Mark originated with the engagement and wedding of Barnett Helzberg, Jr. (Morris Helzberg's grandson), and Shirley Bush. Barnett Helzberg, Jr. memorialized his love for Shirley Bush on lapel buttons with the words "I AM LOVED", and began giving them away for free at Helzberg Diamonds® stores as part of a promotional campaign.

13. Within weeks of first distributing the "I AM LOVED®" buttons in 1967, HDS and its "I AM LOVED" campaign gained national attention.

14. In or about 1968, the New York Associated Press reported, "The newest craze is to show your affection by sending your heroes I AM LOVED® buttons."

15. President Lyndon B. Johnson, Frank Sinatra, Joe Namath, Jose Ferrar, Sammy Davis, Jr. and Charles Schulz were among the many celebrities and public figures to receive Helzberg I AM LOVED® buttons.

16. By the late 1960s, Helzberg's I AM LOVED® buttons had spread around the world and have since been translated into more than eleven (11) languages.

17. For more than fifty (50) years, Helzberg's iconic red I AM LOVED® buttons have been given away to customers in all Helzberg Diamonds® stores. As a result, consumers have a strong affection for the I AM LOVED® Mark, which they instantly and exclusively associate with HDS and its jewelry store and jewelry.

18. In 2006, HDS assigned all right, title and interest to the I AM LOVED® Mark, and all associated applications and registrations, to Columbia.

19. Pursuant to a current and effective Intellectual Property License Agreement entered into by and between HDS and Columbia, Columbia granted HDS the right to use the I AM LOVED® Mark and to pursue enforcement of the I AM LOVED® Mark, in HDS's own name ("Columbia License Agreement"), subject to Columbia's consent. Accordingly, HDS has standing to bring this lawsuit.

20. For a half of a century, Helzberg's iconic I AM LOVED® buttons and Helzberg's associated famous I AM LOVED® Mark have been solely and exclusively associated with Helzberg and Helzberg Diamonds® stores and jewelry.

21. Columbia owns the following U.S. trademark registrations, each of which are valid, subsisting and incontestable "the Registered Marks":

| Trademark | Reg. No. | Class: Goods/Services | Reg. Issue date |
|---|---|---|---|
| I AM L♡VED | 0852718 | 14: charm bracelets, diamond rings, mounted diamonds, and jewelry manufactured of precious metals | 7/16/1968 |

| Trademark | Reg. No. | Class: Goods/Services | Reg. Issue date |
|---|---|---|---|
| | 0858367 | 20: advertising buttons | 10/8/1968 |
| | 1178658 | 42: retail jewelry store services | 11/17/1981 |
| | 3969147 | 35: retail jewelry store services | 5/31/2011 |
| I AM LOVED (words with no design or stylization) | 3969148 | 35: retail jewelry store services | 5/31/2011 |

Copies of the Certificates of Registration and U.S. Patent and Trademark Office status pages are attached as **Exhibit A.** In turn, each of these marks is licensed to HDS on a non-exclusive basis.

22. In addition to the Registered Marks, Columbia owns trademark rights in the word and stylized versions of I AM LOVED® for a variety of other goods and in numerous foreign languages, all collectively referred to in this Complaint as the I AM LOVED® Marks.

**MANTRA BAND AND BACKGROUND OF THE CONTROVERSY**

23. On information and belief, Mantra Bands manufactures, advertises, sells and distributes jewelry products through its website at www.mantra.com and through numerous third-party, nationwide distributors, including but not limited to, Macy's®, Nordstrom®, The Buckle® and Amazon®.

24. Mantra Bands sells, among other jewelry products, cuff-style bracelets under the "MantraBand" mark that are imprinted with various sayings or so-called mantras ("MantraBand Bracelets").

25. Mantra Bands advertises, sells and distributes MantraBand Bracelets that are imprinted with the words "I AM LOVED." Mantra Band's infringing "I AM LOVED" MantraBand Bracelets are shown on **Exhibit B.**

26. On April 6, 2018, counsel for Helzberg put Mantra Bands' counsel on notice of Helzberg's rights in the I AM LOVED® mark, that Helzberg objected to Mantra Bands' use of Helzberg's I AM LOVED® Mark in connection with MantraBand Bracelets, and that such use constituted trademark infringement and unfair competition. Helzberg's counsel's April 6, 2018 letter is attached as **Exhibit C** to the Complaint.

27. On April 16, 2018, counsel for Mantra Band responded and denied Helzberg's trademark infringement and unfair competition allegations. Mantra Bands' counsel's April 16, 2018 letter is attached as **Exhibit D** to the Complaint.

28. On April 30, 2018, counsel for Helzberg sent a second letter to Mantra Bands' counsel reiterating Helzberg's allegations of trademark infringement and unfair competition and demands that all Mantra Band's unauthorized use cease immediately. Helzberg's counsel's April 30, 2018 letter is attached as **Exhibit E** to the Complaint.

29. On May 23, 2018, counsel for Mantra Band responded to Helzberg's counsel, maintaining that Mantra Bands' use of "I AM LOVED" directly in connection with the MantraBand Bracelets does not constitute trademark infringement. Mantra Bands' counsel's May 23, 2018 letter is attached as **Exhibit F** to the Complaint.

30. Mantra Band continues to infringe Helzberg's I AM LOVED® Mark and engages in other acts of unfair competition, causing Helzberg irreparable harm, all as further alleged herein.

## COUNT 1: TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

31. Helzberg repeats, realleges and incorporates the preceding paragraphs of this Complaint by reference.

32. Columbia owns the I AM LOVED® Mark, and through its predecessors-in-interest and its licensee HDS, has priority rights in and to the I AM LOVED® Mark that date back to at least as early as 1967.

33. HDS has continuously and prominently used the I AM LOVED® Mark in connection with advertising and providing retail jewelry store services and jewelry products (collectively, "Helzberg Goods and Services").

34. HDS's extended and continuous use of the I AM LOVED® Mark, including through its predecessors-in-interest and under the terms and conditions of the Columbia License Agreement, has indelibly impressed on the minds of the consuming public that the I AM LOVED® Mark identifies Helzberg as the source of Helzberg Goods and Services. As a result, the I AM LOVED® Mark serves to identify Helzberg as the exclusive source of jewelry and retail jewelry store services bearing the I AM LOVED® Mark, because the relevant consumers have come to closely associate the I AM LOVED® Mark with Helzberg Goods and Services.

35. Mantra Band adopted and began using the infringing "I AM LOVED" mark long after Helzberg first began using and federally registered the I AM LOVED® Mark fifty (50) years ago.

36. Helzberg's federally-registered I AM LOVED® Mark and Mantra Band's "I AM LOVED" mark used on its jewelry products are visually and aurally identical and therefore have

identical commercial connotations, rendering overall identical impressions of the two marks to consumers.

37. Mantra Band continues to use a colorable imitation of Helzberg's federally-registered I AM LOVED® Mark in connection with Mantra Band's jewelry products that are closely related to if, not identical, overlapping and/or competitive, to and with Helzberg Goods and Services.

38. Mantra Band's unauthorized use of Helzberg's I AM LOVED® Mark infringes Helzberg's federally-registered I AM LOVED® Mark and is likely to cause confusion, mistake and deception of the public as to the source, sponsorship, affiliation, association and/or approval of Mantra Band's jewelry.

39. Mantra Band's unauthorized use of the infringing trademark I AM LOVED Mark is also likely to result in Mantra Band unfairly benefiting from Helzberg's decades of advertising and promotional efforts and Mantra Band unfairly profiting from the valuable reputation of Helzberg and Helzberg's federally-registered I AM LOVED® Mark.

40. Mantra Band's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 14 U.S.C. § 1114. Such conduct entitles Helzberg to injunctive relief, Mantra Band's profits, Helzberg's damages and the costs of the action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

41. Mantra Band's continued trademark infringement is willful, further entitling Helzberg to treble damages and because this is an exceptional case, recovery of Helzberg's attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT 2: FEDERAL UNFAIR COMPETITION - FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

42. Helzberg repeats, realleges and incorporates the preceding paragraphs of this Complaint by reference.

43. Mantra Band's adoption and use of the infringing "I AM LOVED" mark constitutes use of a copy and colorable imitation of Helzberg's I AM LOVED® Mark and is likely to cause confusion or mistake, or to deceive the purchasing public into believing that Mantra Band's jewelry products emanate from Helzberg, which is contrary to fact and damaging and detrimental to Helzberg.

44. Mantra Band's conduct, including its use of the infringing "I AM LOVED" mark, on and in connection with MantraBand Bracelets, constitutes a false designation of origin because such use is likely to cause confusion, cause mistake or deceive others as to the affiliation, connection or association of Mantra Band's jewelry products, or as to the origin, sponsorship and/or approval of Mantra Band's jewelry products and those of Helzberg, and therefore constitutes a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

45. Upon information and belief, Mantra Band's conduct is willful and intentional with the purpose of misleading the public into believing that Mantra Band's jewelry products are in some way sponsored by, affiliated with or connected to Helzberg Goods and Services, which is contrary to fact and damaging and detrimental to Helzberg.

46. As a result of Mantra Band's intentional and willful acts of unfair competition and false designation of origin, Helzberg is entitled to damages, Mantra Band's profits, attorneys' fees and costs, and any and all other relief authorized by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

47. Mantra Band's unfair competition and false designation of origin was willful and intentional, further entitling Helzberg to treble damages and because this is an exceptional case, recovery of Helzberg's attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### COUNT 3: UNFAIR COMPETITION
### Missouri Common Law

48. Helzberg repeats, realleges and incorporates the preceding paragraphs of this Complaint by reference.

49. Mantra Band's acts have created a likelihood of confusion and deception of the consuming public, causing irreparable injury to Helzberg for which Helzberg has no adequate remedy at law.

50. Mantra Band's conduct constitutes unfair competition under the common law of Missouri by a deliberate course of conduct, all without authorization, license, privilege or justification.

51. Upon information and belief, Mantra Band acted with full knowledge of Helzberg's rights in and use of the I AM LOVED® Mark and without regard to the likelihood of confusion and deception of the public created by Mantra Band's activities.

52. Mantra Band's conduct demonstrates an intentional willful and malicious intent to trade on the goodwill associated with Helzberg to the substantial and irreparable injury of Helzberg.

53. As a result of Mantra Band's acts, Helzberg has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Helzberg is entitled to an accounting of Mantra Band's profits for Mantra Band's infringing "I AM LOVED" MantraBand Bracelets, actual damages, punitive damages, attorneys' fees and costs, and any and all other relief authorized by law.

## COUNT 4: DILUTION UNDER MISSOURI LAW
## Mo.Rev.Stat. §417.061(1)

54. Helzberg repeats, realleges and incorporates the preceding paragraphs of this Complaint by reference.

55. The I AM LOVED® Mark is a distinctive and valid trademark at common law.

56. There is a likelihood of injury to the business reputation or of dilution of the distinctive quality of the I AM LOVED® Mark resulting from the continued and unauthorized use of I AM LOVED® by Mantra Band, and that the continuing use of I AM LOVED® will inexorably have an adverse effect upon the value of I AM LOVED® Mark and the rights, reputation, goodwill and interests of Helzberg, and that I AM LOVED® Mark will eventually be deprived of all distinctiveness.

57. The use of I AM LOVED by Mantra Band creates a likelihood of dilution of the distinctive quality of the I AM LOVED® Mark, and irreparable harm to Helzberg unless enjoined by this Court.

58. Helzberg has no adequate remedy at law.

## PRAYER FOR RELIEF

Based on the above allegations, Helzberg prays that the Court:

1. Enter an Order permanently enjoining and restraining Mantra Band, including its officers, directors, employees, agents, successors, assigns, and all those acting for, with, by, through, or under them, from infringing Helzberg's I AM LOVED® Mark and any other colorable imitations of Helzberg's I AM LOVED® Mark;

2. Award Helzberg Mantra Band's profits, Helzberg's damages and the costs of the action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a) for Mantra Band's trademark infringement, unfair competition and false designation of origin;

3. Direct that Mantra Band account for and relinquish to Helzberg all gains, profits, and advantages derived by through its infringement of Helzberg's I AM LOVED® Mark and/or any other colorable imitation thereof;

4. An award to Helzberg of its costs in this action;

5. Find this to be an exceptional case under the 15 U.S.C. § 1117(a) and award Helzberg its reasonable attorneys' fees;

6. Judgment be entered in favor of Helzberg on its Missouri state law count asserting a likelihood of dilution resulting from the continued and unauthorized use of I AM LOVED by Mantra Band, and that the continuing use of I AM LOVED will inexorably have an adverse effect upon the value of the I AM LOVED® Mark and the rights, reputation, goodwill and interests of Helzberg, and that I AM LOVED® Mark will eventually be deprived of all distinctiveness;

7. Award to Helzberg its such other costs and further relief as the Court may deem just and proper, including but not limited to prejudgment and post-judgment interest.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: August 23, 2018

Respectfully Submitted,

s/ *Cheryl L. Burbach*
Cheryl L. Burbach
Mo. State Bar No. 48605
cburbach@hoveywilliams.com

HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057

ATTORNEYS FOR PLAINTIFFS
COLUMBIA INSURANCE COMPANY AND
HELZBERG'S DIAMOND SHOPS, INC.